State, People's Fire Ins. Co., pros., v. Parker, Receiver, &c.

---

THE STATE, THE PEOPLE'S FIRE INSURANCE COMPANY, PROSECUTORS, v. LEWIS PARKER, JR., RECEIVER OF TAXES IN AND FOR THE CITY OF TRENTON.

1. The term surplus, as applied to an insurance company, is the fund it has in excess of its capital stock after payment of its debts.

2. Such fund is the accumulation of interest received, and premiums for insurance.

3. That it is liable to the contingency of loss upon the policies issued, does not affect the character of the fund as an accumulated surplus.

4. The relator is liable to be taxed at the full amount of its capital stock paid in and accumulated surplus, excepting what is invested in non-taxable securities.

State, People's Fire Ins. Co., pros., v. Parker, Receiver, &c.

On *certiorari*. In matter of taxation.

The following is a statement of facts agreed on by the counsel of the parties:

### STATEMENT, MAY 1ST, 1869.

#### *Liabilities.*

| | |
|---|---|
| Capital stock paid in .................................................... | $50,000 00 |
| Profit and loss (accumulated surplus)................ | 24,462 44 |
| Premium account.................................................. | 43,986 76 |
| | $118,449 20 |

#### *Assets.*

| | |
|---|---|
| United States 5-20 bonds....................................... | $50,000 00 |
| New Jersey bonds—exempt...................................... | 13,000 00 |
| Bonds and mortgages............................................. | 47,800 00 |
| Corporation bonds................................................. | 6,000 00 |
| Cash items........................................................... | 1,649 20 |
| | $118,449 20 |

The above statement is a true copy of the balance sheet made up from the books of the People's Fire Insurance Company, May 1st, 1869.

The profit and loss account represents the net earnings of the company after deducting losses and expenses, and includes all moneys received for interest on investments and earned premiums on expired risks.

The premium account represents the amount of premiums received by the company on unexpired risks or outstanding policies. No premium is considered by the company as earned until the policy has expired and the risk is at an end. At the end of each month the expired risks are marked off, and the premium account credited with the premiums earned for that month on the policies.

On the organization of the company, in February, 1865,

the whole paid-in capital was invested in United States securities, which investment has remained unchanged up to the present time. The investment in New Jersey bonds has been made from time to time as the surplus accrued.

The treasurer of the company, within the time required by law, made under oath, and gave to the assessor of the Second ward of the city of Trenton, where the company's office was then situated, a true statement of the capital stock and accumulated surplus of the company, and claiming a deduction of such portion thereof as was invested in securities exempt from taxation, as follows:

| | | |
|---|---:|---:|
| Capital stock paid in. ......... ......... .......... ...... | $50,000 | 00 |
| Accumulated surplus......... ......... ..... ......... | 24,462 | 44 |
| | $74,462 | 44 |
| Deduct amount invested in | | |
| United States bonds...... ......... ...... $50,000 00 | | |
| New Jersey bonds........ ......... ...... 13,000 00 | 63,000 | 00 |
| Amount taxable....... ...... ...... ...... ...... | $11,462 | 44 |

The following reasons were assigned for setting aside the assessment:

*First.* Because the commissioners of appeal in cases of taxation in and for the said city of Trenton, wholly disregarded the statement made by the said company of the capital stock and accumulated surplus of the said company, which statement was duly verified under oath, and returned to the assessor of taxes as required by law, but, in violation of the statute in such cases made and provided, increased the said amount of capital and surplus in said statement contained, by adding thereto the sum of $50,000, when, in truth and in fact, the said corporation had no such or other amount of capital stock and accumulated surplus, differing in amount from that so returned and given in as aforesaid.

*Second.* Because, by said action of the said commissioners of appeal, the said corporation is liable to pay a tax upon an alleged accumulated surplus of $61,462.44, when, in truth and fact, their whole accumulated surplus amounts to $11,-462.44, as returned.

*Third.* Because the said corporation is assessed for and taxed upon a much larger sum than by law it ought to be assessed and taxed upon.

*Fourth.* Because the tax so assessed against the said company is greatly in excess of the amount which by law should be assessed against them.

*Fifth.* Because the said assessment is inequitable and contrary to law, and in other respects erroneous.

Argued before DALRIMPLE, DEPUE, and VAN SYCKEL, Justices.

For prosecutor, *E. T. Green.*

For receiver, *G. D. W. Vroom.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The relator is a private corporation of this state, subject to be taxed at the full amount of its capital stock paid in and accumulated surplus.

What constitutes its accumulated surplus gives rise to this controversy.   The company insists that this term includes only moneys received for interest on investments and earned premiums on expired risks; while on behalf of the city receiver it is claimed to comprehend all premiums which have been received by the company.

The policy of the tax law will be effectuated by bringing within its operation all property to which it can be fairly applied.   The term surplus, as applied to an insurance company, is the fund it has in excess of its capital stock after payment of its debts.

Such fund is the accumulation of interest received and premiums for insurance.

It is liable to the contingency of loss upon the policies issued, but it is as much the property of the company, and as fully under its control, as the capital stock paid in. It is asserted that the company does not actually own these premiums, because they are subject to the risks taken until the policies expire by limitation, and that this constitutes a liability in the nature of an indebtedness against the company.

This consideration cannot affect the character of the fund as an accumulated surplus.

The liability is contingent; it may or may not actually attach, and if it does, it will reach to and affect the capital stock and such premiums as have been received on expired risks, as fully as those received on unexpired risks.

If it is an essential element of accumulated surplus that it be free from liability to pay losses, an insurance company can never have such surplus, and the aggregate amount insured will always be far in excess of its capital and premiums received.

There was no present loss at the time of the assessment complained of, to effect diminution of the fund, and *non constat* that there ever would be.

The act under which the tax was imposed was designed to promote equal taxation, and to that end to reach so much of the property of these corporations as is not represented by their capital stock.

The premiums in question have been invested on bond and mortgage, and to that extent exempt from taxation the borrowing debtors. There is no reason why these bonds which in other hands could claim no immunity from the public burthen, should, in the ownership of this prosecutor, go free.

The capital stock of the company is $50,000, and the premium and interest account $68,449.20, amounting together to the sum of $118,449.20; of this, $63,000 is invested in

State, People's Fire Ins. Co., pros., v. Parker, Receiver, &c.

non-taxable securities, leaving a balance of $55,449.20, to which sum the assessment must be reduced.

Rule entered accordingly, and affirming the assessment as valid on the reduced amount above stated.

[NOTE.—This case was decided at the November Term, 1870, but through accident the opinion was not received in time for insertion in its proper place.]

AFFIRMED, 6 *Vr.* 575.